FILED

2026 Jun-15  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |
|---|---|
| **TEDIE BARROW,** | |
| **Plaintiff**, | |
| **v.** | **Case No. 5:23-cv-1736-HDM** |
| **ERICA LANE ENTERPRISES, INC.,** | |
| **Defendant**. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case is before the court on Defendant Erica Lane Enterprises, Inc.'s motion to dismiss Plaintiff Tedie Barrow's complaint under Federal Rule of Civil Procedure 37(b)(2) for want of prosecution. (Doc. 31). For the reasons explained herein, the motion is due to be **DENIED**.

## BACKGROUND

Pursuant to this court's initial Scheduling Order, the parties—Plaintiff Tedie Barrow and Defendant Erica Lane Enterprises, Inc. ("Erica Lane")—had until Friday, March 20, 2026, to complete all discovery. (Doc. 20, ¶ 2). On December 7, 2025, Barrow's counsel, attorney Willie Scott, Jr., informed Erica Lane that his spouse had been diagnosed with a rare terminal illness and that the couple would likely need to temporarily relocate to Texas for treatment. (Doc. 31-1 at 2). He

informed Erica Lane that this would affect his professional availability but agreed to a deposition of Barrow on January 29, 2026. *Id.* Accordingly, on December 12, 2025, Erica Lane served a notice of deposition to Barrow to be held on January 29, 2026. (Docs. 31-2, 31-3).

On January 1, 2026, Barrow informed the court of Scott's spouse's condition and filed a motion to stay all proceedings and deadlines until September 2026. (Doc. 23). Given that this case was already over two years old, the court granted in part and denied in part Barrow's motion to stay, staying all deadlines for sixty days "to afford Plaintiff time to associate new counsel." (Doc. 24). On January 19, 2026, after Erica Lane inquired as to the status of Barrow's deposition, Scott canceled the deposition in order to focus on associating another attorney in the case. (Doc. 31-4).

On March 12, 2026, upon the expiration of the sixty-day stay, the court held a telephonic status conference to determine how best to proceed. (*See* Doc. 24). At that status conference, Scott informed the court that he was in the process of finalizing an agreement with an attorney who would appear in the case. Transcript of March 12, 2026, Status Conference at 1–2. In accordance with what was discussed at the status conference, the parties filed a joint motion for an extension of time to accommodate Scott's needs. (Doc. 26). On March 20, 2026, this court granted the joint motion for extension and set the discovery deadline for May 4, 2026, and the dispositive motions deadline for June 4, 2026. (Doc. 27).

On March 20, 2026, Erica Lane again inquired as to Barrow's availability for deposition, this time for May 1 or 4, 2026. (Doc. 31-5). Scott did not respond. (Doc. 31, ¶ 9). On April 1, 2026, Erica Lane made another inquiry as to Barrow's availability for deposition. (Doc. 31-5). Scott replied, and the parties set Barrow's deposition for May 1, 2026. *Id.* Scott also indicated his intent to depose a representative of Erica Lane, but he never provided the prerequisite list of topics pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id.* On April 9, 2026, Erica Lane served Barrow with a notice of deposition to be held on May 1, 2026. (Docs. 31-6, 31-7).

On April 22, 2026, the court set an in-person status conference for May 6, 2026, intending to discuss the posture of the case with whomever Scott associated to represent Barrow. (Doc. 28). On April 28, 2026, Scott informed Erica Lane that the May 1, 2026, deposition of Barrow needed to be canceled because neither Scott nor the attorney who would supposedly be covering for him was able to attend. (Doc. 31-8). He proposed alternative dates that were well after the close of discovery. *Id.* No other attorney ever appeared in the case on behalf of Barrow.

On April 30, 2026, Barrow filed a motion to extend the discovery and dispositive motions deadlines on the grounds that the parties had been unable to depose one another due to Scott's familial obligations. (Doc. 29). Barrow also requested that the in-person status conference on May 6, 2026, be made telephonic.

*Id.* The same day, the court granted Barrow's motion to make the status conference telephonic but denied the motion for an extension. (Doc. 30).

As of the filing of Erica Lane's motion to dismiss on May 4, 2026, Erica Lane had been unable to depose Barrow, despite diligent efforts to do so. (Doc. 31, ¶ 17; *see also* Docs. 31-4, 31-5). On May 6, 2026, the court held the previously scheduled status conference, wherein the court clarified for the parties' understanding that previously scheduled depositions could be taken after the close of discovery if necessary to avoid scheduling conflicts. Transcript of May 6, 2026, Status Conference at 4. The court extended the parties' dispositive motions deadline until July 3, 2026, to provide the parties with time to conduct any outstanding depositions. (*See* Doc. 33).

Given the court's clarification, the parties mutually agreed to schedule Barrow's deposition for June 2, 2026. (Docs. 34-1, 34-2). In her response brief, filed May 25, 2026, Barrow states that "there are no known encumbrances to Defendant's ability to depose Plaintiff and fully assess Plaintiff's claims and available defenses, because Defendant will depose Plaintiff on June 2, 2026." (Doc. 34, ¶ 5). In its reply brief, filed on June 6, 2026—four days after the scheduled deposition date—Erica Lane does not allege that the June 2 deposition did not take place, instead stating that "[r]egardless of whether plaintiff's deposition is (or was) taken, plaintiff's failures have already prejudiced defendant as the discovery deadline passed

4

negatively impacting defendant's ability to engage in discovery which may support its defense." (Doc. 35, ¶ 6).

## LEGAL STANDARD

Rule 37(b)(2) sanctions may apply when a party "fails to obey an order to provide or permit discovery" or "fails to comply with an order . . . requiring it to produce another person for examination." Fed. R. Civ. P. 37(b)(2). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1374 (11th Cir. 1999). "Dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). But "dismissal of a case with prejudice . . . is considered a sanction of last resort, applicable only in extreme circumstances." *Hammock v. Garganeous*, No. CV 109-136, 2010 WL 5576186, at *2 (S.D. Ga. Nov. 23, 2010) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)), *report and recommendation adopted*, No. CV 109-136, 2011 WL 117061 (S.D. Ga. Jan. 13, 2011).

## DISCUSSION

Dismissal is not warranted on these facts. First, Barrow has not failed to obey an order to provide or permit discovery, nor has she failed to comply with an order requiring her to produce a person for examination. The only concrete example of

withheld discovery that Erica Lane provides is Scott's repeated failure to schedule or follow through with Erica Lane's deposition of Barrow. Yet Erica Lane has given no indication that it did not successfully complete its June 2 deposition of Barrow. Furthermore, although the court discussed Barrow's deposition at status conferences and ultimately extended the dispositive-motion deadline to allow the parties to complete outstanding depositions, the court never directly intervened in discovery by way of a discovery order or otherwise. Accordingly, there was never a direct order for Barrow to disobey.

Additionally, the core prejudice that Erica Lane argues as warranting dismissal is that it could not depose Barrow before the May 4 discovery deadline despite repeated efforts, and therefore that it was unable to obtain information vital to its defense. But, again, Erica Lane has given no indication that it did not successfully complete its deposition of Barrow on June 2, more than a month before the dispositive motions deadline, which remains July 3.[1]

The original scheduling order entered in this case set a discovery deadline of March 20, 2026, and a dispositive motions deadline of April 20, 2026. (Doc. 20). Essentially, then, the events of the past several months have resulted in a two-and-a-half-month extension of the discovery and dispositive motions deadlines.

---

[1] This ruling does not preclude Erica Lane from seeking appropriate, targeted relief if the June 2 deposition did not occur.

Although it was a rocky—and, undoubtedly, frustrating—road to get here, Erica Lane has pointed to no prejudice resulting from this delay. Although it argues that "plaintiff's failures have already prejudiced defendant as the discovery deadline passed negatively impacting defendant's ability to engage in discovery which may support its defense," (doc. 35, ¶ 6), it does not identify any additional witness, document, written discovery, or other evidence that it lost because of the delay. With no concrete examples of such prejudice, Erica Lane's argument for dismissal cannot succeed.[2]

## CONCLUSION

For the reasons stated above, Defendant Erica Lane Enterprises, Inc.'s motion to dismiss, (doc. 31), is **DENIED**.

**DONE** and **ORDERED** on June 15, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE

---

[2] To the extent Erica Lane's motion could be construed as seeking dismissal for failure to prosecute under Rule 41(b), dismissal would still be unwarranted because the record does not show a clear pattern of willful delay or contumacious conduct, and Erica Lane has not shown that lesser sanctions would be inadequate. *See Tweed v. Florida*, 151 F. App'x 856, 857 (11th Cir. 2005) (per curiam).